**KAWECKI BERYLCO INDUSTRIES, INC.**

v.

**FANSTEEL, INC.**

Civ. A. No. 79–4061.

United States District Court,
E. D. Pennsylvania.

June 30, 1981.

Joseph W. Swain, Jr., David L. Grove, Philadelphia, Pa., for plaintiff.

William W. Schwarze, Philadelphia, Pa., William Richardson, Reading, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

To enforce an agreement providing for the cross-licensing of patent rights, plaintiff instituted this action and requested a declaration that defendant's new patent (the 007 patent)[1] is "related" to an original patent (the Pierret patent)[2] under the terms of an agreement which concluded patent infringement litigation between the parties six years ago. Plaintiff, moving for summary judgment, argued that the 007 patent was "related" to the Pierret patent within the meaning of the "related patents" clause of the settlement agreement in that it "utilize[d], incorporate[d] or disclose[d] a method for agglomerating tantalum powder as disclosed in the Pierret patent". Defendant countered that the 007 patent did not "claim, utilize or incorporate" a method of agglomerating tantalum powder as "disclosed" in the Pierret patent and, hence, the two were not "related". The Court held that the 007 patent *was* related to the Pierret patent under the terms of the agreement and, accordingly, enjoined defendant from asserting, alleging or representing that plaintiff did not have a non-exclusive license and further directed defendant, pursuant to the agreement, to revise its list of "related patents" and to include the 007 patent therein.[3]

■ Subsequently, defendant filed a notice of appeal and a motion to stay the injunction pending appeal, in which defendant sought a stay of the Court's entire order. Defendant then withdrew that motion to file a more narrowly tailored request to stay that portion of the order commanding revision of its list of "related" patents.

Fed.R.Civ.P. 62(c) provides in relevant part that

[w]hen an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

To prevail, the moving party must show a likelihood of success on the merits, irreparable injury without the stay and absence of substantial harm to other persons specifically and the public generally.[4] True, these factors guide the Court's analysis, but no one aspect alone dictates the result.[5] Properly, the Court carefully considers all the elements and delicately balances the equities presented by the particular set of facts.[6] Courts disagree as to the amount of "likelihood" which the moving party must demonstrate. Some demand a "strong showing"[7] whereas others require only a

---

1. United States Letters Patent No. 4,009,007.

2. United States Letters Patent No. 3,418,106.

3. *See Kawecki Berylco Industries, Inc. v. Fansteel, Inc.,* 512 F.Supp. 984 (E.D.Pa.1981).

4. *BP Oil, Inc. v. Marshall,* 509 F.Supp. 802 (E.D.Pa.1981), *Hodges v. Brown,* 500 F.Supp. 25 (E.D.Pa.1980), *Hickey v. Commandant of the Fourth Naval District,* 464 F.Supp. 374 (E.D.Pa.), *aff'd,* 612 F.2d 572 (3d Cir. 1979).
   *Cf. Perkins v. Wagner,* 513 F.Supp. 904 (E.D.Pa.1981) and *Kocher Coal Co. v. Marshall,* 497 F.Supp. 73 (E.D.Pa.1980) (standard applicable for preliminary injunction).

5. *See Constructors' Association of Western Pennsylvania v. Kreps,* 573 F.2d 811 (3d Cir. 1978).

6. *Eastern Milk Producers Cooperative Association, Inc. v. Lehigh Valley Cooperative Farmers, Inc.,* 448 F.Supp. 471 (E.D.Pa.), *aff'd,* 582 F.2d 1273 (3d Cir. 1979).

7. *See, for example, United States v. Manchel, Lundy & Lessin,* 477 F.Supp. 326 (E.D.Pa.1979) and *Resident Advisory Board v. Rizzo,* 429 F.Supp. 222 (E.D.Pa.), *aff'd,* 564 F.2d 126 (3d Cir. 1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1457, 55 L.Ed.2d 499 (1978).

"substantial"[8] or "likely"[9] case. In any event, the burden is a heavy one, and the movant must show more than the "non-frivolity" of the pending appeal.[10] However, where the possibility of irreparable harm favors issuance of the stay and harm to third parties seems minimal, the showing which the moving party must make will not be as rigorous.[11] In any event, predicting the likelihood of appellant's success with an appeal is a difficult inquiry for the trial judge,[12] who already has reached the legal, if not factual, merits of the controversy and rendered a conclusion unfavorable to the moving party.

In the case at bar, defendant argues in support of its most recent motion that the Court failed to consider the distinction between the date when a patent is *filed* and the date when it is *issued* and, more importantly, the relevance of that distinction in interpreting the related patents clause of the settlement agreement. Therefore, defendant argues that its proffered construction of the alternative provisions of the related patents clause does not render sections thereof "meaningless", as the court concluded, for a later *issued* patent could have been *filed* earlier than the effective *filing* date of the Pierret patent.[13]

■ Regrettably, defendant did not explain in this fashion its original argument, which the Court still finds unpersuasive. Notwithstanding doubts concerning defendant's likelihood of success on appeal, irrespective of the standard employed,[14] the *possibility* of irreparable harm under these circumstances justifies staying a limited portion of the Court's original order, which not only restrained defendant from continuing previous conduct but also commanded defendant to do a positive act.[15] Defendant

8. *Walker v. O'Bannon*, 487 F.Supp. 1151 (W.D. Pa.1980).

9. *See Griffin v. Richardson*, 346 F.Supp. 1226 (D.Md.1972), *aff'd*, 409 U.S. 1069, 93 S.Ct. 689, 34 L.Ed.2d 660 (1973). *See also* n.14.

10. *Philadelphia Council of Neighborhood Organizations v. Adams*, 451 F.Supp. 114 (E.D.Pa. 1978).

11. *See Delaware River Port Authority v. Transamerica Trailer Transport, Inc.*, 501 F.2d 917 (3d Cir. 1974).

12. *Marshall v. Berwick Forge & Fabricating Co.*, 474 F.Supp. 104 (M.D.Pa.1979).

13. *See Kawecki Berylco Industries, Inc. v. Fansteel, Inc.*, 512 F.Supp. at 988.

14. *See* cases cited in n. 7. Interestingly, most of the Courts of Appeals require that the party seeking a stay demonstrate a "strong showing" or "strong likelihood". *See, for example, Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549 (9th Cir. 1977), *Battle v. Anderson*, 564 F.2d 388 (10th Cir. 1977), *Martinez Rodriguez v. Jimenez*, 537 F.2d 1 (2d Cir. 1976), *Chicago Stadium Corp. v. Scallen*, 530 F.2d 204 (8th Cir. 1976), *Sears, Roebuck & Co. v. General Services Administration*, 509 F.2d 527 (D.C. Cir.1974), *Adams v. Walker*, 488 F.2d 1064 (7th Cir. 1973), *Miltenberger v. Chesapeake & O. Railway*, 450 F.2d 971 (4th Cir. 1971), *Belcher v. Birmingham Trust National Bank*, 395 F.2d 685 (5th Cir. 1968).

Other federal appellate courts demand only a "likelihood", *Equal Employment Opportunity Commission v. United Association of Journeymen & Apprentices of Plumbing and Pipe fitters of United States and Canada, Local Union No. 189*, 427 F.2d 1091 (6th Cir. 1970) or a "probability", *Morgan v. Kerrigan*, 523 F.2d 917 (1st Cir. 1975).

Frequently, however, the standard adjusts to the circumstances present. *See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841 (D.C.Cir.1977).

15. Specifically, the Court entered the following order:

AND NOW this 21st day of April, 1981, IT IS ORDERED that defendant's motion for summary judgment is GRANTED. IT IS FURTHER ORDERED that United States Letters Patent No. 4,009,007 is a "related patent" as defined in Paragraph 1(d) of the agreement between plaintiff and defendant dated January 24, 1975; that pursuant to the terms of said agreement, plaintiff and its affiliates have a non-exclusive, irrevocable, paid up, royalty-free license without the right to grant sub-licenses under United States Letters Patent No. 4,009,007 to use methods and to make, use and sell products as disclosed in said patent; that defendant, its officers, agents, representatives, successors, assigns and all those acting under its authority or in privity with or any of them, are enjoined from asserting, alleging, or representing that plaintiff and its affiliates do not have a non-exclusive license under United States Letters Patent No. 4,009,007; that *defendant shall specifically perform said agreement and revise its list of "related patents" pursuant to*

concedes no irreparable harm ·if the Court refuses to alter its prohibition. Rather, defendant complains that the addition of the 007 patent to the list of "related" patents could be held to be non-revocable and plaintiff could be deemed to have a royalty-free license under the patent.

The purpose of staying an injunction pending appeal is to preserve the status quo.[16] The Court may grant or continue an injunction upon the terms which it deems appropriate,[17] for equitable remedies "special[ly] blend ... what is necessary, ... fair, ... and workable".[18] To stay that portion of the Court's order directing a positive act by the defendant will preserve the status quo. Accordingly, that portion of the order will be stayed.

### ORDER

AND NOW, this 30th day of June, 1981, IT IS ORDERED that the portion of the Court's prior order dated April 21, 1981, and commanding that

> defendant shall specifically perform said agreement and revise its list of 'related patents' pursuant to paragraph 1(f) of said agreement to include United States Letters Patent 4,009,007

is STAYED pending disposition of defendant's appeal to the United States Court of Appeals for the Third Circuit. IT IS FURTHER ORDERED that defendant post a supersedeas bond in the amount of FIVE THOUSAND DOLLARS ($5,000.00).

---

*Paragraph 1(f) of said agreement to include United States Letters Patent No. 4,009,007.* (emphasis added).
Presently, defendant requests a stay of the italicized portion only.

**16.** *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 42 S.Ct. 264, 66 L.Ed. 538 (1922).

**17.** *Mayflower Industries v. Thor Corp.*, 182 F.2d 800 (3d Cir. 1950), *cert. denied*, 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951).

**18.** *Lemon v. Kurtzman*, 411 U.S. 192, 200, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151 (1971). (Footnote omitted).