**I. J. A., INC. d/b/a Northeast Jet Company, Inc. et al.**

v.

**MARINE HOLDINGS, LTD., INC. et al.**

Civ. A. No. 81–2480.

United States District Court,
E. D. Pennsylvania.

Sept. 21, 1981.

---

Richard Guenther, Arthur Alan Wolk, Philadelphia, Pa., for plaintiffs.

George O'Brien, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Motion for reconsideration, like motions for certification pursuant to 28 U.S.C. § 1292(b) and requests to stay injunctive relief pending appeal under Fed.R.Civ.P. 62(c) are similar in that each present a "difficult inquiry" for a judge who has already rendered a conclusion unfavorable to the moving party. *Kawecki Berylco Industries, Inc. v. Fansteel*, 517 F.Supp. 539, 541 (E.D.Pa.1981). However, all three proceedings, properly employed, maximize the efficient use of judicial resources and aid attorneys and litigants by properly disposing of claims and minimizing the detrimental effect of erroneous rulings. In the case at bar, plaintiff seeks reconsideration of our August 20, 1981, order staying this action during the pendency of related Canadian litigation. In resolving this motion we are, of course, guided by the same principles which determine whether a stay is warranted *ab initio*.

■ A court's ability to stay an action is "incidental" to its "inherent power" *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (Cardozo, J.) and motions requesting such relief are addressed to the court's "sound discretion". *Bechtel v. Local 215, Laborers' International Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). In deciding the motion courts consider numerous factors, including principles of comity, the adequacy of relief available in the alternative forum, promotion of judicial efficiency, the identity of the parties and issues in the two actions, the likelihood of prompt disposition in the alternative forum, the convenience of the parties, counsel and witnesses and the possibility of prejudice if the stay is granted. *See Nigro v. Blumberg*, 373 F.Supp. 1206 (E.D.Pa.1974). Here, plaintiff argues vigorously that all of the above factors weigh in its favor and

require vacation of our prior order. Because we agree with plaintiff's conclusion, we will grant the motion.

■ Principles of comity, the first subject of inquiry, which had earlier required denial of plaintiff's request for an order temporarily restraining defendants from pursuing the Canadian litigation, *I.J.A., Inc. v. Marine Holdings, Ltd., Inc.*, No. 81–2480 (E.D.Pa. June 24, 1981), currently compel the conclusion that both lawsuits proceed simultaneously. Clearly, courts should exercise "care and great restraint" before enjoining litigants from pursuing actions in foreign courts. *Compagnie Des Bauxites v. Insurance Company of North America*, 651 F.2d 877, 887 n.10 (3d Cir. 1981), quoting *Canadian Filters (Haewick) Ltd. v. Lear-Siegler, Inc.*, 412 F.2d 577, 578 (1st Cir. 1969). *Cf. GAF Corp. v. Amchem Products, Inc.*, No. 75–1730 (E.D.Pa. June 24, 1981) (enjoining plaintiff from making representations anywhere in the world regarding the identity of the inventor of a product). In the case at bar, we initially acknowledged those principles and intimated in our prior opinion that we would allow the two lawsuits to progress until one party obtains a judgment in one action which could be *res judicata* in the second lawsuit. However, we subsequently granted defendant's request for a stay because we then understood, apparently incorrectly, that the Canadian case was near trial and that a judgment would shortly be forthcoming. Since a Canadian court's judgment is normally enforceable in the United States, *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 629–32 (2d Cir. 1976), and the two lawsuits appeared to request substantially similar relief, we stayed the instant action in the hope that counsel could concentrate their resources and promptly litigate the matter in Canada.

■ Moving now for reconsideration, plaintiff now informs us, *inter alia*, that the Canadian litigation is in its preliminary stages only. Plaintiff now asserts that the allegations in this case do not track those in the Canadian lawsuit; here, but not in Can-

ada, plaintiff seeks declaratory relief against defendant, Bank of Nova Scotia, and damages for conspiracy. Furthermore, the American lawsuit involves defendants not named as parties in Canada. Where foreign litigation is in its incipiency, motions to stay the domestic action are properly denied. This is particularly true where the range of possible relief afforded by the two courts differs in scope. *Sumitomo Corp. v. Parakopi Campania Maritama*, 477 F.Supp. 737, 741–42 (S.D.N.Y.1979), *aff'd*, 620 F.2d 286 (2nd Cir. 1980). Accordingly, a stay will not foster judicial economy since, assuming a Canadian judgment prior to judgment in this Court, the parties would be forced to return to this forum and litigate claims not litigated in Canada and those claims already litigated against parties not named in, and bound by, the Canadian suit. The lack of complete relief available in the Canadian forum, notions of judicial efficiency, disparity in the identity of the parties, and the improbability of a prompt disposition in the foreign forum all militate strongly against staying this action.

Plaintiff also argues that the stay is unwarranted because it forces a United States citizen to litigate his claims in a foreign forum without the direct assistance of his American attorney, a specialist in the narrow field of aviation law. However, we find it difficult to believe and assume that there are no competent aviation lawyers in Montreal willing to represent plaintiff. Additionally, we have no reason to believe that Canada, "a sister common law jurisdiction with procedures akin to our own", *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d at 630, will not adequately and fairly protect plaintiff's rights. *Cornfeld v. Investors Overseas Services, Ltd.*, 471 F.Supp. 1255, 1261 (S.D.N.Y.), *aff'd*, 614 F.2d 1286 (2nd Cir. 1979). Therefore, plaintiff has not made out the possibility of the prejudice which it alleges absent vacation of the stay. This factor weighs in favor of the defendant.

Finally, as we noted in our order staying the action, "either forum will inconvenience someone and, therefore, the factor is neutral".

Upon a careful weighing of the factors outlined in *Nigro v. Blumberg, supra,* and upon the submission of additional facts, we conclude that the stay previously entered should be vacated. An appropriate order will be entered.