Veronica **SHEETZ** and Laurence Sheetz, her husband

v.

Dr. Harold **KARES.**

Civ. A. No. 81–4503.

United States District Court, E. D. Pennsylvania.

Feb. 11, 1982.

Martin Cohen, John R. Vivian, Jr., Easton, Pa., for plaintiffs.

Thomas A. Wallitsch, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Defendant moves to stay and/or dismiss this personal injury, medical malpractice action because an "identical complaint" was filed in the Northampton County Court of Common Pleas. For the reasons set forth below the motion will be denied.

The parties do not dispute that this Court has the ability to grant defendant the relief which he requests. As Justice Cardozo observed, the power to stay an action is "incidental" to a court's "inherent" power. *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936). The question, then, is one of propriety; motions to stay are addressed to a court's "sound discretion". *Bechtel v. Local 215, Laborers' International Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). *See generally, I.J.A., Inc. v. Marine Holdings*, 524 F.Supp. 197 (E.D.Pa.1981).

In exercising our discretion we are mindful of the "general principle established early in our history" that one court will ordinarily not interfere with proceedings in another action. *Compagnie Des Bauxites De Guinea v. Insurance Company of North America*, 651 F.2d 877, 887 (3d Cir. 1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 502, 70 L.Ed.2d 377 (1981) (citations and quotes omitted). This principle enjoys a long history of acceptance. *Donovan v. City of Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964); *McKim v. Voorhies*, 11 U.S. (7 Cranch) 279, 3 L.Ed. 342 (1812); *Diggs v. Wolcott*, 8 U.S. (4 Cranch) 179, 2 L.Ed. 587 (1807). Moreover, where both state and federal courts have jurisdiction, both lawsuits may proceed until a party in one obtains a judgment which may be *res judicata* in the other. *Princess Lida v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939).

Defendant's argument in support of its motion to stay is essentially that the federal action is duplicative and that practical matters will make trial in Northampton County easier for the parties. Assuming, *arguendo*, the veracity of defendant's assertion, the fact that an action may be "duplicative and therefore vexatious" does not require that it be stayed. *I.J.A., Inc. v. Holtz*, No. 81–2480, slip op. at 6 (E.D.Pa. June 24, 1981). Hence, we deny defendant's motion.