537 F.Supp. 1036 (1982)
REPUBLIC INDUSTRIES, INC., a Delaware corporation, as successor in interest to Johnson Motor Lines, Inc.
v.
CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND.
Civ. A. No. 82-0146.
United States District Court, E. D. Pennsylvania.
April 27, 1982.
Lester Bridgeman, L. T. Urbanczyk, Washington, D. C., David Steck, Philadelphia, Pa., for plaintiff.
Harry A. Dower, Allentown, Pa., for defendant.

MEMORANDUM AND ORDER
TROUTMAN, District Judge.
We recently observed that a motion for reconsideration pursuant to Fed.R. Civ.P. 62(c) presents a "difficult inquiry" for the trial judge who has already reached the legal merits of the controversy and rendered a conclusion unfavorable to the moving party. Kawecki Berylco Industries, Inc. v. Fansteel, Inc., 517 F.Supp. 539, 541 (E.D. Pa.1981). To prevail on a Rule 62(c) motion, movant must show a likelihood of success on the merits, irreparable injury without the stay and the absence of substantial harm to other persons specifically and the public generally. BP Oil, Inc. v. Marshall, 509 F.Supp. 802 (E.D.Pa.1981). Importantly, in engaging in the required balancing process prior to exercising discretion under the rule, courts do not consider any single factor as determinative. Constructors' Association of Western Pennsylvania v. Kreps, 573 F.2d 811 (3d Cir. 1978). Rather, they seek the goal of "blend[ing] ... what is necessary ... fair ... and workable". Kawecki Berylco Industries, Inc. v. Fansteel, Inc., 517 F.Supp. at 542.
Hence, the articulated requirement, which mandates movant to show a "substantial *1037 likelihood of success on the merits", is frequently adjusted to a less demanding standard. For example, some courts require movant to show only the "non-frivolity" of the appeal. Philadelphia Council of Neighborhoods Organizations v. Adams, 451 F.Supp. 114 (E.D.Pa.1978). Indeed, it is appropriate to adjust the burden regarding the "likelihood of success on appeal" where the other factors weigh heavily in favor of a stay.
In the case at bar, plaintiff, Republic Industries, Inc., (Republic) originally attacked the Multiemployer Pension Plan Act Amendments of 1980 (MPPAA), 29 U.S.C. § 1381 et seq., as violative of the Fifth and Seventh Amendments. One month ago, we denied plaintiff's motion for a preliminary injunction and granted defendant's motion to dismiss. See Republic Industries, Inc. v. Central Pennsylvania Teamsters Pension Fund, 534 F.Supp. 1340 (E.D.Pa.1982). Three weeks later we denied plaintiff's motion for reconsideration.
Plaintiff's argument has been consistent throughout the course of this litigation. It has urged that MPPAA is unconstitutional as applied to it and that it need not resort to non-judicial remedies before pressing that argument. In support of this assertion, plaintiff argues that exhaustion would amount to a futility. Susquehanna Valley Alliance v. Three Mile Island, 619 F.2d 231 (3d Cir. 1980)[1].
While we do not dispute the legal principle upon which plaintiff relies, we have held that under the facts here presented and pursuant to the decisional law of this Circuit, exhaustion of non-judicial remedies will not subject plaintiff to an exercise in legal futility. Hence, it is required.
Notwithstanding these views, however, plaintiff's appeal is clearly "non-frivolous". Currently, seventy-seven similar cases are pending in the district courts. A number of courts have, by order, granted plaintiffs the injunction which Republic originally sought here. Additionally, the basis for our order dismissing the complaint, failure to exhaust, was recently described as "one of the most unsettled areas in the law". Bethlehem Steel Corp. v. Environmental Protection Agency, 669 F.2d 903, 907 n. 1 (3d Cir. 1982).
Given the fact that courts have apparently reached conflicting conclusions regarding MPPAA and the fact that our prior holding (which we still believe to be correct) is predicated upon an unsettled area of law, we grant plaintiff's motion.
We believe that maintenance of the status quo pending appeal will best serve the interest of the parties while comporting with our own sense of justice. Moreover, neither defendant nor the public generally will be injured by the stay. Plaintiff, on the other hand, could conceivably suffer *1038 injury if we failed to grant the current motion.
An appropriate order will issue.

ORDER
AND NOW, this 27th day of April, 1982, upon plaintiff's Motion for Stay pursuant to F.R.C.P. 62(c), IT IS ORDERED that, during the pendency of the appeal of this matter, the effect of the orders of this Court of March 24, 1982, and April 19, 1982, is STAYED, and defendant is barred during the pendency of appeal from initiating or prosecuting any claim against plaintiff under Section 4219 or Section 4221 of the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1399 or § 1401.
IT IS FURTHER ORDERED that plaintiff shall post a bond on appeal in the amount of two hundred thousand dollars ($200,000.00).
NOTES
[1] Plaintiff's stubborn reliance on Susquehanna Valley Alliance is, we believe, misplaced. There, the court considered a challenge by a citizen's group against the owners of the crippled Three Mile Island nuclear facility and concluded that the district court erred in dismissing the case under the exhaustion doctrine. The court stressed that a determination of whether exhaustion was required could only be made after a

careful analysis of the statutory scheme relied upon by plaintiff, ... the completeness or incompleteness of the remedies available from the agency ... [and] the presence of harm pendente lite.
619 F.2d at 246. We believe that our prior opinion, issued after two days of argument, taking of testimony and extensive briefing, considered all of these factors.
Moreover, although plaintiff inveighs against our dismissal it has never suggested that further development of a factual record is warranted. Hence, although plaintiff assigns error to our dismissal, it has failed to meaningfully articulate any reason for maintaining jurisdiction in the face of our conclusion that MPPAA does not "clearly and unambiguously" violate constitutional norms. Simply stated, plaintiff, after convincing us that development of a factual record was unnecessary, assails the legal test which we employed in reaching our conclusion. It complains that our dismissal was error and that we should have maintained the case on our docket. Presumably, the only purpose for doing so would have been to further develop a factual record. However, plaintiff admits that it can "conceive of no circumstance" in which a factual dispute could develop on this record. See Plaintiff's Motion for Reconsideration at 7, n.3.