Richard BALFOUR, individually and trading as Newark Dental Supply Company and Newark Dental Supply Corporation

v.

Allan A. GUTSTEIN, D.D.S. and Dentalworks, Inc. and Dental Works—Bethlehem, Inc. and William Sokolic and Dentalworks—Easton, Inc. and Sam Rosenfeld and Bill Hollingshead and Dental Works—Plymouth Meeting, Inc. and Joel Berger and Larry Levin.

Civ. A. No. 82–2127.

United States District Court,
E. D. Pennsylvania.

Sept. 16, 1982.

Gilbert Abramson, Philadelphia, Pa., for plaintiffs.

Richard D. Director, Allentown, Pa., for defendants.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Defendants, all either dentists, corporations involved in the manufacture of dental equipment, or their principals, move for a stay or dismissal of the instant action which alleges generally breach of contract and tortious interference with contract rights.[1] They argue that notions of comity and the beneficial use of scarce judicial reasons compel the conclusion that this Court should refuse to adjudicate the matter because of the existence of a similar action now pending in state court. Plaintiffs vehemently contest the defendants' characterization of this action as a "dressed up" version of the state suit and urge that the instant motion represents a dilatory tactic interposed in bad faith and solely to delay. Hence, they assert that the motion is a "sham" pleading within the meaning of Fed.R.Civ.P. 11 and that sanctions in the form of counsel fees for the breach thereof are necessary. We conclude that defendants' motion to dismiss or to stay and plaintiffs' request for fees are both properly denied.

Defendants' motion to dismiss is predicated upon the theory that the pending state action is virtually identical to the one at bar, and that the lack of any substantial federal question warrants deferral to the state court. In support of their motion, defendants rely upon *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978) which reaffirmed the rule announced in *Brillhart v.*

---

1. Specifically, the five-count complaint alleges in Count I, a breach of an oral contract. Count II seeks damages for tortious interference with contract rights; Count III claims inducement to breach an oral contract. Count IV alleges a conspiracy regarding the breach of an oral contract and Count V seeks monies for goods delivered pursuant to an oral contract.

*Excess Ins. Co. of America,* 316 U.S. 491, 492, 495, 62 S.Ct. 1173, 1174, 1175, 86 L.Ed. 1620 (1942) that it is "uneconomical" and "vexatious" for a "federal court to proceed in a *declaratory judgment* suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties". (emphasis added.) *See, ACandS, Inc. v. Aetna Casualty and Surety Co.,* 544 F. Supp. 128 (E.D.Pa.1982) (finding that portions of a declaratory judgment action sufficiently parallel a pending state court action to compel partial dismissal thereof.) The cited cases do not, however, aid defendants in that each action sought a federal declaratory judgment. By contrast, plaintiffs at bar do not seek such relief.

Defendants also rely upon *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) in support of their motion to dismiss. There, the Supreme Court held that the District Court had properly dismissed the action due to the pendency of a state suit. The *Colorado River Water Conservation Dist.* court grounded its holding in the "clear federal policy" evidenced in the McCarran Amendments that courts should seek to "avoid[ ] [the] piecemeal adjudication of water rights in a river system". *Id.* at 819, 96 S.Ct. at 1247. Since the court viewed the allocation of water rights as akin to the disposition of property, it concluded that the state court, which had first acquired control of the *res,* should be free to adjudicate the matter without the hinderance of a similar federal action also proceeding to judgment. In so holding, the court was concerned that any contrary conclusion could create "inconsistent dispositions of property". *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. at 819, 96 S.Ct. at 1247. Clearly, however, the court did not retreat from the long established rule that abstention is an "extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it". In fact, invocation of the doctrine is only justified under "exceptional circumstances". 424 U.S. at 813, 96 S.Ct. at 1244. *See also, Zimmerman*

*v. Pioneer Chain Saw Co., Inc.,* No. 82–1501, slip op. at 4–5 (E.D.Pa. August 2, 1982). Since we find no such "exceptional circumstances" at bar, we decline to dismiss the action.

We now turn to defendants' alternate argument that this action should be stayed. It is well settled that a court's ability to stay a pending action is "incidental" to its "inherent power", *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (Cardozo, J.), and that motions requesting such relief are committed to the court's "sound discretion". *Bechtel v. Local 215, Laborers' International Union,* 544 F.2d 1207, 1215 (3d Cir. 1976). Factors which courts consider in determining the propriety of a stay include principles of comity, the adequacy of relief available in the alternative forum, promotion of judicial efficiency, the identity of the parties and issues in the two actions, the likelihood of prompt disposition in the alternative forum, the convenience of the parties, counsel and witnesses and the possibility of prejudice if the stay is granted. *See, Nigro v. Blumberg,* 373 F.Supp. 1206 (E.D.Pa.1974).

Considerations of comity, the first factor, do not support defendants' application for a stay. In fact, the general rule between state and federal courts is that the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction". *Colorado River Water Conservation Dist. v. United States,* 424 U.S. at 817, 96 S.Ct. at 1246, quoting, *McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910). Principles of comity are not offended by concurrent federal and state adjudications of closely related issues. The danger of inconsistent results is here more illusory than real since *res judicata* may be properly invoked to guard against that possibility. *Princess Lida v. Thompson,* 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939); *Sheetz v. Kares,* 534 F.Supp. 278 (E.D.Pa.1982).

Defendants implicitly acknowledge that the second factor, adequacy of relief in the alternative forum, weighs against them.

They argue that to the extent the two suits are not co-extensive, plaintiffs may properly amend, and enlarge, the scope of their state court complaint. *See,* Pa.R.C.P. 1033 (providing for amendments to pleadings). This argument misses the mark. Our inquiry here must focus upon the breadth of, and the relationship between, the two complaints as they currently exist and whether the state forum provides plaintiffs with complete relief. We are not concerned with speculative possibilities concerning plaintiffs' ability to amend their state court complaint.

Promotion of judicial efficiency, the third factor, will not be fostered by a stay. We have already noted that the two actions are not co-extensive. Hence, even if we stayed this action and awaited judgment in the state court case, the parties would nevertheless be required to return to this forum and litigate those matters not previously decided. *I. J. A., Inc. v. Marine Holdings, Inc.,* 524 F.Supp. 197, 199 (E.D.Pa.1981)

The identity of parties and issues in the two actions, the next factor which we consider, neither favors nor resists transfer. The parties in the two suits are essentially the same; this seemingly favors defendants. The disparity between the scope of the issues sought to be litigated in the two cases weighs in favor of plaintiffs. Accordingly, this factor is neutral.

There appears little likelihood of a prompt disposition in the alternative forum. This weighs in favor of plaintiffs. Indeed, defendants have represented that plaintiffs have virtually abandoned the state court litigation in that after defendants filed preliminary objections to the complaint "plaintiff has failed to further pursue" the matter. *See,* Defendants' Motion for Dismissal or Stay (Document 7) at 2. Where the alternative forum is neither near trial nor approaching judgment, a stay is unwarranted. *Zimmerman v. Pioneer Chain Saw Co., Inc.,* No. 82–1501, slip op. at 3 (E.D.Pa. August 2, 1982).

In order to carry its burden on the final factor, the convenience of the parties, counsel and witnesses, movants must adduce a

"pressing need or clear case of hardship or inequity". *Groves v. Insurance Co. of North America,* 433 F.Supp. 877, 885 (E.D. Pa.1977) (quotation omitted). They have not done so.

Accordingly, we conclude that upon consideration of all the factors, defendants' motion to stay or dismiss is properly denied. We also remain unconvinced that a violation of Fed.R.Civ.P. 11 has occurred; hence, we deny plaintiffs' motion thereunder. An appropriate order will issue.