## In re CITADEL ASSOCIATES, Debtor.

**OFFICIAL LIMITED PARTNERS COMMITTEE OF CITADEL ASSOCIATES, On Behalf of Citadel Associates, Debtor and Debtor in Possession, Plaintiff,**

v.

**BANK LEUMI LE–ISRAEL, B.M. and Charles Fox and Howard I. Green and U.S. Management Corporation, Defendants.**

Bankruptcy No. 81–00389G.
Adv. No. 82–5012G.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 23, 1983.

Charles M. Golden, Philadelphia, Pa., for debtor, Citadel Associates.

Nathan B. Feinstein, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for Official Limited Partners Committee of Citadel Associates.

Roberto Rivera-Sota, Philadelphia, Pa., for Bank Leumi Le-Israel, B.M., defendant.

Michael B. Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants, Howard I. Green and U.S. Management Corp.

Alexander N. Rubin, Jr., Rubin, Quinn & Moss, Philadelphia, Pa., for Norman M. Kranzdorf, Trustee, Fidelity American Mortgage Co.

Joseph A. Dworetzky, Drinker Biddle & Reath, Philadelphia, Pa., for Old Kentucky Real Estate Investment Trust.

J. Gregg Miller, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Finance Co. of America.

Howard N. Greenberg, Philadelphia, Pa., for defendant, Charles Fox.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge:

The first issue before us is whether the instant complaint should be dismissed for failing to allege proper subject matter jurisdiction because said complaint asserts jurisdiction solely on the basis of 28 U.S.C. § 1471. In view of our determination that the Emergency Interim Rule ("the Emergency Rule"), which was promulgated by the United States District Court for the Eastern District of Pennsylvania on December 21, 1982, is binding upon us, the motions to dismiss said complaint will be denied.

The second issue presented herein is whether the instant adversary action should be stayed pending, among other things, disposition of a motion, filed in the United States District Court for the Eastern District of Pennsylvania, to consolidate the instant proceeding with three related cases and have all four cases heard before the district court. Because we find that the imposition of a stay would further delay the debtor's reorganization and most likely throttle the debtor's reorganization prospects, the motion for a stay will be denied.

The facts of the instant case are as follows:[1] On February 4, 1981, Citadel Associates ("the debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code ("the Code"). On December 30, 1982, the Official Limited Partners Committee of Citadel Associates ("the committee"), acting on behalf of the debtor,[2] filed a "complaint to

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. On September 7, 1982, Judge Goldhaber entered the following order authorizing the committee:

   [T]o act on behalf of and in the interest of the debtor and of the Bankruptcy Estate in gathering and preserving the assets of the Citadel

Associates Chapter 11 Estate, and to take all actions necessary to that end, including the filing of Adversary Proceedings to recover property of the Estate and preferential or fraudulent transfers.

Due to Judge Goldhaber's illness, the issues embraced by this opinion were heard and determined by Judge Twardowski.

determine secured status and to avoid lien" ("the complaint") against Bank Leumi-Israel, B.M. ("the bank"), Charles Fox ("Fox"), Howard I. Green ("Green") and U.S. Management Corporation ("USMC"). The complaint alleges in paragraph six (6) that we have jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1471. The complaint contains no alternative jurisdictional allegation. On January 27, 1983, the bank filed a motion to dismiss the complaint for lack of subject matter jurisdiction based on the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) ("the *Marathon* decision"). On January 31, 1983, Green, Fox and USMC [collectively referred to as "USMC"] filed a similar motion. On March 2, 1983, the bank also filed a motion to stay the instant adversary proceeding pending, among other things, final disposition of another motion of the bank, filed in the United States District Court for the Eastern District of Pennsylvania, for consolidation of the present action in the district court with three other related cases.

## I. THE MOTIONS TO DISMISS

█ The instant adversary proceeding was automatically referred to us in accordance with the Emergency Rule, which provides that "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district." *See* Emergency Rule at ¶ (c)(1).

In response to the motions to dismiss, the committee contended:

> The District Court for the Eastern District of Pennsylvania has promulgated the Emergency Resolution (Rule) *on the premise that Sections 1471(a) and (b) of the Bankruptcy Reform Act of 1978 possess continued validity.* In the absence of a definitive holding to the contrary in the Circuit, it is respectfully submitted that

the District Court's interpretation incorporated in the Emergency Rule is, or should be binding on this Bankruptcy Court (emphasis in original).[3]

In this regard, the Court of Appeals for the Third Circuit has recently held:

> Our holding that orders entered in proceedings relating to bankruptcy are district court orders reviewable pursuant to sections 1291, 1292 and 1651 *is necessarily predicated on the tacit assumption that despite Northern Pipeline the grant of district court subject matter jurisdiction in section 1471(b) survives.* We find nothing in the *Northern Pipeline* opinions suggesting otherwise. Indeed the *Northern Pipeline* holding that article III judges must exercise the related proceedings jurisdiction rests on the assumption that the jurisdictional grant is operative (emphasis added).

*Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190 at 200, (1983) (Rosenn, J., concurring). In light of the holding in *Coastal* that the district courts have subject matter jurisdiction over bankruptcy proceedings pursuant to 28 U.S.C. § 1471(b), we conclude that we are bound by the Emergency Rule promulgated by the United States District Court for the Eastern District of Pennsylvania. Accordingly, we have jurisdiction over the instant adversary action in accordance with that rule.

█ USMC also maintains that the committee's complaint fails to state a claim upon which relief can be granted because said complaint seeks to set aside or avoid a mortgage granted by Fidelity America Mortgage Company ("FAMCO"), the debtor's general partner, to the bank on real property owned by FAMCO, not the debtor. USMC concludes, without specification, that only the FAMCO trustee has standing to assert the various claims raised in the committee's complaint and that these claims can only be brought in the bankruptcy proceedings of FAMCO. We disagree.

---

**3.** *See* the committee's memorandum in response to motions to dismiss complaint and to

stay or consolidate proceedings at 7.

The mortgage instrument at issue contains a detailed description of the parcel of real estate used as collateral for the loan obligation in question[4] and said description is followed by the words:

Also known as:
Citadel Apartments
7301 Preston Highway
Louisville, Kentucky

The mortgage document further provides:

Together with all and singular . . . Improvements, Hereditaments and Appurtenances, whatsoever thereunto belonging, or in any wise appertaining, and the Reversions and Remainders, Rents, Issues and Profits thereof, under and subject to easements and conditions of record.

We find that the aforesaid language, standing alone, burdens the debtor, the entity that owns the buildings constituting the Citadel Apartments premises.[5]

Moreover, the committee's complaint sets forth various causes of action which the debtor plainly has standing to assert. The committee, on the debtor's behalf, avers: (1) that the mortgage executed between FAMCO and the bank violated both the Citadel Limited Partnership Agreement and the Uniform Partnership Act; (2) that there is no debt owing by the debtor to the bank and, therefore, any claim arising out of the subject mortgage should be disallowed under section 502 of the Code; (3) that the lien arising from said mortgage has no value and, therefore, it should be determined to be unsecured pursuant to section 506 of the Code and avoided as provided for therein; and (4) that the loans made from the bank to FAMCO constitute a voidable preference and/or a fraudulent conveyance and, as such, are avoidable in accordance with sections 547 and 548, respectively, of the Code. Based on all the above, we conclude that the instant complaint "states a claim" which may be brought by the committee and upon which relief may be granted.

## II. THE MOTION FOR A STAY

■ The bank has requested that we stay the instant adversary proceeding pending disposition of its motion, filed before the United States District Court for the Eastern District of Pennsylvania, to consolidate the following cases:

(a) *Norman M. Kranzdorf, Trustee, etc., v. Howard I. Green, et al.,* Civil Action No. 83–0566, United States District Court for the Eastern District of Pennsylvania;

(b) *Norman M. Kranzdorf, Trustee, etc., v. Howard I. Green, et al.,* Adversary No. 83–0336G, United States Bankruptcy Court for the Eastern District of Pennsylvania;

(c) *Official Limited Partners Committee of Citadel Associates v. Bank Leumi Le-Israel, B.M. et al.,* Adversary No. 82–5012G, United States Bankruptcy Court for the Eastern District of Pennsylvania [the instant proceeding]; and

(d) *Walnut Knolls Associates, et al. v. Bank Leumi Le-Israel, B.M., et al.* Adversary No. 82–2087G, United States Bankruptcy Court for the Eastern District of Pennsylvania.

The bank contends further that the instant action should be stayed pending the outcome of the *Walnut Knolls* litigation, ¶ (d) *supra,* filed in this court or, in the alternative, consolidated with the *Walnut Knolls*

---

4. According to the committee, Green, the chairman of FAMCO and one of the defendants herein, had pledged a $500,000.00 certificate of deposit to the bank at the time the bank began to make loans to FAMCO, the debtor's general partner. As additional collateral to the bank, Green allegedly conveyed mortgage interests in various limited partnership properties, including the instant mortgage involving the Citadel Associates limited partnership, the debtor herein. It is undisputed that the bank has since been paid the $500,000.00. However, the committee contends that USMC, a corporation owned by Green, is the assignee of Green's rights as subrogee of the bank. *See* the committee's memorandum cited in n. 3 *supra,* at 4.

5. The committee further contends that the debtor possesses the rights of a tenant under the land lease as well as an option right to acquire the land from FAMCO. *See* the committee's memorandum, cited in n. 3 *supra,* at 15.

proceeding. The standard to be applied when considering a request for a stay has been set forth:

> Factors which courts consider in determining the propriety of a stay include principles of comity, the adequacy of relief available in the alternative forum, promotion of judicial efficiency, the identity of the parties and issues in the two actions, the likelihood of prompt disposition in the alternative forum, the convenience of the parties, counsel and witnesses and the possibility of prejudice if the stay is granted.

*Balfour v. Gutstein,* 547 F.Supp. 147, 148 (E.D.Pa.1982) citing *Nigro v. Blumberg,* 373 F.Supp. 1206 (E.D.Pa.1974).

In the case *sub judice,* the committee filed a proposed plan of reorganization on December 30, 1982. On the same day, the committee instituted the within adversary complaint. In addition, a disclosure statement was filed on January 31, 1983, and a confirmation hearing on the debtor's proposed plan had been set for April 12, 1983. Moreover, on March 15, 1983, a stipulation ("the Old Kentucky stipulation") was executed by Old Kentucky Real Estate Investment Trust ("Old Kentucky"), the holder of the superior mortgage liens against the debtor's premises, the FAMCO trustee, Finance Company of America ("FCA") [6] and the committee, wherein Old Kentucky agreed, in exchange for certain considerations, to postpone its trial on the merits of its pending complaint before us for relief from the automatic stay. We note that "where one case is ready for trial and the other case requires discovery and trial preparation, the cases should not be consolidated as a matter of sound judicial administration." 5 Moore's Federal Practice ¶ 42 at 42–20 (2d ed. 1982).

In determining whether a stay of the instant proceeding should be granted, we find it dispositive that any further delay in the debtor's chapter 11 timetable might effectively thwart the prospect of reorganization altogether, especially when we consider that Old Kentucky could choose, once again, to seek modification of the stay in order to foreclose on the Citadel apartment buildings, the debtor's only operating asset.[7]

The bank maintains that if the stay is denied, it will be forced to litigate in four separate lawsuits what are identical issues of fact and law. The fundamental flaw in the bank's contention is that the issues of fact and law involved in the four cases are hardly identical or capable of resolution before one forum. The debtor's plan, in essence, seeks to clear title impediments to the Citadel Apartment premises in Louisville, Kentucky in order to facilitate conveyance of that property to a new Citadel Associates general partner and to disallow the alleged claim of the bank against the debtor arising out of the mortgage in question. Accordingly, the instant adversary proceeding concerns issues and applications of Kentucky law and parties and properties substantially unrelated to the other cases with which the bank seeks consolidation. Moreover, the debtor's claims arising under sections 502, 506, 547 and 548 are unique to it and the resolution of said claims will require evidence, documents and expert testimony which have no pertinence to the other cases.

The instant case is by far the most advanced towards reorganization of all the FAMCO cases. The bank has fallen far short of persuading us that the other related cases present issues of fact or law that are common with the instant case. When we balance the inconvenience that the bank will suffer if the stay is not granted with the potential abandonment of the debtor's reorganization if the stay is granted and further delay is encountered, the balance must sway in the debtor's favor. Accordingly, we will deny the bank's motion for a stay and its motion to consolidate.

As a final matter, we will, pursuant to Fed.R.Civ.P. 19(a) [8] order the committee to

---

6. FCA is the holder of 4 capital contribution notes.

7. The stipulation could be withdrawn by any party if not approved within 30 days of filing.

8. Fed.R.Civ.P. 19(a) provides:

join Norman M. Kranzdorf, the FAMCO trustee, in the instant complaint and in all future pleadings associated with the debtor's reorganization. Inasmuch as the FAMCO trustee is a party to the Old Kentucky stipulation and in light of the fact that FAMCO was the grantor of subject mortgage, we deem his joinder necessary for a complete adjudication of instant adversary matter.

RULE 19. Joinder of Persons Needed for Just Adjudication

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.