In re CITADEL ASSOCIATES, Debtor.

OFFICIAL LIMITED PARTNERS COMMITTEE OF CITADEL ASSOCIATES, On Behalf of CITADEL ASSOCIATES, Debtor and Debtor in Possession, Plaintiff,

v.

BANK LEUMI LE–ISRAEL, B.M., Charles Fox, Howard I. Green, U.S. Management Corporation, and Norman M. Kranzdorf, Trustee in Bankruptcy For Fidelity America Mortgage Company, Defendants.

Bankruptcy No. 81–00389G.
Adv. No. 82–5012G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 2, 1983.

Nathan B. Feinstein, Cohen, Shapiro, Polisher, Shiekman, & Cohen, Philadelphia, Pa., for the Official Limited Partners Committee of Citadel Associates.

Roberto Rivera-Sota, Philadelphia, Pa., for Bank Leumi Le-Israel, B.M., defendant.

Michael L. Temin, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., for defendants, Howard I. Green and U.S. Management Corp.

Alexander N. Rubin, Jr., Rubin, Quinn & Moss, Philadelphia, Pa., for Norman M. Kranzdorf, Trustee, Fidelity America Mortg. Co.

Joseph A. Dworetzky, Drinker, Biddle & Reath, Philadelphia, Pa., for Old Kentucky Real Estate Inv. Trust.

J. Gregg Miller, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Finance Co. of America.

Howard N. Greenberg, Philadelphia, Pa., for defendant, Charles Fox.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

In the case at bench, the Official Limited Partners Committee ("the committee") of Citadel Associates ("the debtor") seeks to avoid a lien held by Bank Leumi Le-Israel, B.M. ("the bank") against a certain apartment premises owned by the debtor situated on real property owned by the debtor's general partner. Because the amount of the bank's lien exceeds the fair market value of the subject premises, we will grant the committee's amended complaint to avoid the bank's lien pursuant to section 506(d) of the Bankruptcy Code ("the Code").

The facts of the instant case are as follows:[1] In the summer of 1980, the bank loaned the sum of $500,000.00 to Fidelity America Mortgage Company ("FAMCO"), the debtor's general partner. On August 25, 1980, FAMCO caused to be recorded in Kentucky a mortgage in the bank's favor on the Citadel Apartment Premises ("the apartment premises"), the debtor's sole operating asset, to secure FAMCO's indebtedness of $500,000.00 ("the mortgage"). In October of 1980, Old Kentucky Real Estate Investment Trust ("Old Kentucky"), the holder of two mortgage interests against the apartment premises, instituted mortgage foreclosure proceedings in the Kentucky state court and, on January 5, 1981, the Kentucky state court appointed a state court receiver to collect the rents and supervise the operation of the apartment premises pending outcome of the foreclosure proceedings. However, on February 4, 1981, FAMCO filed, in this court, a petition for reorganization under chapter 11 of the Code and simultaneously filed similar petitions for the debtor and for other of the FAMCO partnerships and related entities. The state court receiver was permitted to continue functioning and he has filed monthly operating statements in this court. On October 1, 1982, Old Kentucky filed a complaint for modification of the automatic stay provisions of the Code in order to proceed with mortgage foreclosure proceedings in Kentucky. However, Old Kentucky, the debtor, the FAMCO trustee and others entered into a stipulation, approved by this court on July 28, 1983, continuing the hearing on the complaint pending the debtor's plan of reorganization. Said plan contemplates the conveyance of the apartment premises to a new general partner, free and clear of all liens, except for the interests of the first and second mortgagees. To this end, on December 30, 1982, the committee, acting on the debtor's behalf,[2] filed a "complaint to determine secured status and to avoid lien" against the bank, Charles Fox ("Fox"), Howard I. Green ("Green") and

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. On September 7, 1982, we entered the following order authorizing the committee:
   [T]o act on behalf of and in the interest of the debtor and of the Bankruptcy Estate in gathering and preserving the assets of the Citadel Associates Chapter 11 Estate, and to take all actions necessary to that end, including the filing of Adversary Proceedings to recover property of the Estate and preferential or fraudulent transfers.

United States Management Corporation ("USMC") (Fox, Green and USMC, collectively referred to as "USMC"). The bank and USMC filed motions to dismiss said complaint but, on June 23, 1983, said motions were denied by Judge Twardowski, who directed that the committee file an amended complaint with the FAMCO trustee joined as a party thereto.[3] The amended complaint was duly filed by the committee and trial on the issues set forth in said complaint was scheduled. At a pretrial conference held two days prior to trial, counsel for USMC was asked whether he would be calling an appraiser or other witnesses at trial to which counsel responded that he could not say at that time whether he was going to call any witnesses or present evidence. Consequently, on September 28, 1983, we made a finding which concluded:

    (f) The refusal of Green to appear and testify at depositions, the failure of Green to plead in reasonable detail to the Amended Complaint, and the failure to make available the writings of counsel for all of the parties to the Bank Leumi loan transaction, compounded by the refusal at today's Pre-Trial Conference to indicate whether Green and U.S. Management would present experts or other witnesses at trial two days hence, constitutes a course of action thwarting the purposes of the Discovery and Pre-Trial Rules set out in the Bankruptcy Rules and in the Federal Rules of Civil Procedure, especially in view of the statements of the Supreme Court accompanying in the Amendments and promulgating Orders effective August 1, 1983 which emphasize the determination to prevent such abuse;

and we entered an order which provided, *inter alia:*

    4.  Howard I. Green and U.S. Management Corporation are prohibited from introducing expert witnesses or other

evidence which they had reason to believe prior to today's Pre-Trial Conference they might wish to present at trial, although they shall have the right to cross examine and otherwise contest the matters at issue.

The committee seeks to avoid the bank's mortgage lien pursuant to sections 506(a) and (d) of the Code, which respectively provide:

    (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

    *    *    *    *    *    *

    (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

    (1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

    (2) such claim was disallowed only under section 502(e) of this title.

11 U.S.C. § 506(a), (d) (1979).

    USMC contends, essentially, that the committee has no standing to object to the bank's claim because the bank, according to USMC, is not a creditor of the debtor but is rather a creditor of FAMCO;[4] and therefore, only a party in interest (such as the

---

**3.** *See Official Ltd. Partners Comm. v. Bank Leumi Le-Israel, B.M. (In re Citadel Assoc.),* 31 B.R. 56 (Bkrtcy.E.D.Pa.1983).

**4.** Throughout the history of this adversary proceeding, USMC has maintained that it was subrogated to the bank's claim against FAMCO and that therefore it is a creditor of FAMCO. There is nothing in the record of this proceed-

FAMCO trustee) would have a right to object to the bank's claim in the bankruptcy proceeding of FAMCO, not in the instant proceeding.[5] In support of its position that the bank is not a creditor of the debtor, USMC relies on paragraph eighteen (18) of the amended complaint, which provides:

18. Citadel Associates is not, and has never been, indebted to Bank Leumi and did not receive any of the proceeds of the loan secured by the Bank Leumi mortgage nor any benefit from said loan.

Nevertheless, while it is true that USMC has admitted the aforesaid allegations in its answer, we find it dispositive that the bank has seen fit to deny those averments in its answer. Moreover, Judge Twardowski, in ruling on USMC's motion to dismiss the original complaint for failure to state a claim upon which relief could be granted (because of the debtor's alleged lack of standing) has previously held:

The mortgage instrument at issue contains a detailed description of the parcel of real estate used as collateral for the loan obligation in question [the $500,-000.00 loan from the bank to FAMCO] and said description is followed by the words:

Also known as:

Citadel Apartments
7301 Preston Highway
Louisville, Kentucky

The mortgage document further provides:

Together with all and singular ... Improvements, Hereditaments and Appurtenances, whatsoever thereunto belonging, or in any wise appertaining, and the Reversions and Remainders, Rents, Issues and Profits thereof, under and subject to easements and conditions of record.

We find that the aforesaid language, standing alone, burdens the debtor, the entity that owns the buildings constituting the Citadel Apartments premises.

*Official Ltd. Partners Comm. v. Bank Leumi Le-Israel, B.M. (In re Citadel Assoc.)*, 31 B.R. 56, 59 (Bkrtcy.E.D.Pa.1983). In light of the above and on the present state of the record, we conclude that the bank possesses a claim against the debtor and is, therefore, a creditor of the debtor. As such, the debtor plainly has standing to attempt to alter the rights of one of its creditors.

■ At trial of the instant complaint, the committee's expert appraiser testified that the fair market value of the premises in question is $1,137,500.00, which appraisal we found to be credible. Therefore, even if we accept USMC's finding that the debtor is indebted to the second mortgage (Old Kentucky) in an amount not more than $1,162,192.80, the fact remains that the value of the bank's interest in the subject property following the prior lien position of Old Kentucky is dissipated. Therefore, assuming, *arguendo*, that the bank could prove a claim against the debtor's estate,[6]

---

ing, other than USMC's repeated assertions, establishing a right to subrogation on the part of any of the USMC defendants.

**5.** In this regard, we note that Judge Twardowski, in his previous opinion, ordered the committee to join the FAMCO trustee as a party defendant to the committee's amended complaint and in all future pleading involving the debtor's reorganization. The FAMCO trustee, who would represent FAMCO's interest in the land underlying the apartment premises, was so joined and in his answer to the committee's amended complaint, the FAMCO trustee requested that we enter an order granting the relief requested by the committee in its amended complaint. More specifically, the FAMCO trustee has not opposed the committee's efforts to avoid the bank's lien against the apartment premises.

**6.** Our pre-trial order of September 28, 1983, provided:

3. At the first trial (the claim and lien avoidance issues), by agreement of its counsel, Bank Leumi will neither oppose the claims of the plaintiff, nor introduce evidence.

Nevertheless, the bank made it clear at trial (N.T. September 28, 1983, at 12, 28) that its agreement not to contest was limited to count six (6) of the amended complaint only, which provides:

38. Plaintiff incorporates herein by reference paragraphs 1 through 28 above as if the same were here set forth at length.

39. The Committee avers that the current market value of the Property is not in excess of the total amount of indebtedness secured by the Old Kentucky Vendor's Lien and Third Mortgage and that, therefore, the Bank Leumi Mortgage, even if properly obtained and recorded, is of no value and subject to avoid-

said claim would not be entitled to secured status in accordance with section 506(a) of the Code. Consequently, since the bank would not, in any event, have an "allowed secured claim" under section 506(a), the lien securing said claim is avoided by operation of section 506(d) of the Code.

ance pursuant to Section 506 of the Bankruptcy Code.

Consequently, for purposes of this opinion, we proceed under the assumption that the bank had agreed not to contest the committee's claims if trial on the merits was limited to the following issue—assuming that the bank had proven a claim against the debtor's estate, is the lien which secures said claim otherwise avoidable under section 506(d) of the Code?