In re **HOTEL ASSOCIATES, INC., Robert B. Miller, Stanton R. Miller, a partnership, trading as "The Drake".**

**Bankruptcy No. 79–02203K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 20, 1980.

Pace Reich, Philadelphia, Pa., for debtor.

Peter M. Breitling, George B. Clothier, Philadelphia, Pa., Stephen Karotkin, Harvey R. Miller, New York City, for Trustees of Central States, SE & SW Areas Pension Fund, etc.

David W. Marston, Philadelphia, Pa., Trustee.

Baldo M. Carnecchia, Jr., Philadelphia, Pa., for Trustee.

Marc J. Sonnenfield, John P. Kopesky, Philadelphia, Pa., for Williard Inc.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the court is the motion of the debtor, Hotel Associates, Inc. for a stay pending appeal of the Order of April 3, 1980, appointing a trustee. For the reasons set forth below, the debtor's motion is denied.[1]

Rule 805 of the Rules of Bankruptcy Procedure[2] provides in pertinent part that:

> A motion for a stay of the judgment or order of a [bankruptcy court], for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the [bankruptcy court]. Notwithstanding Rule 762 but subject to the power of the District Court reserved hereinafter, the [bankruptcy court] may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest . . .

Subject to the provisions of Bankruptcy Rule 805, Rule 62 of the Federal Rules of Civil Procedure applies in adversary proceedings.[3] It appears well settled that the determinative factors to be considered by the court in deciding whether a stay pending appeal should be issued are: (1) likelihood that the party seeking the stay will prevail on the merits of the appeal;[4] (2) irreparable injury to the moving

---

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

2. Although this case is governed by the Bankruptcy Reform Act of 1978 (Pub.L.95–598) ("The Code"), to the extent the Bankruptcy Rules are not inconsistent with the Code, they remain applicable until new rules are promulgated by the United States Supreme Court. See Pub.L.No.95–598, § 405(d), 92 Stat. 2685 (1978).

3. See Bankruptcy Rule 762.

4. There is disagreement among the circuits as to the degree of likelihood of success which must be shown. See Resident Advisory Board v. Rizzo, 429 F.Supp. 222, 224 n.1 (E.D.Pa. 1977). We have not made any determination as to the degree of certainty which must be shown, since we find that movants have not satisfied even the least rigorous of the standards, i. e., mere likelihood of success on appeal. Philadelphia Council of Neighborhood

party unless the stay is granted; (3) no substantial harm to the other interested persons; and (4) no harm to the public interest. *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir. 1970); *Halderman v. Pennhurst State School and Hospital,* 451 F.Supp. 233 (E.D.Pa.1978); *Philadelphia Council of Neighborhood Organizations v. Adams,* 451 F.Supp. 114 (E.D.Pa.1978); *Resident Advisory Board v. Rizzo,* 429 F.Supp. 222 (E.D.Pa.), *aff'd,* 564 F.2d 126 (3rd Cir. 1977), *cert. denied,* 435 U.S. 908, 98 S.Ct. 1457, 55 L.Ed.2d 499 (1978). A request for a stay is addressed to the discretion of the courts. *Id.* In connection therewith, the Third Circuit has recently stated that in considering a similar four–prong test in determining whether to grant a preliminary injunction, the court should realize that these [four] factors structure the inquiry. However, no one aspect will necessarily determine its outcome. Rather, proper judgment entails a "delicate balancing of all elements." *Constructors Association of Western Pennsylvania v. Kreps,* 573 F.2d 811, 815 (3rd Cir. 1978). *See, Evans v. Buchanan,* 424 F.Supp. 875, 879 (D.Del. 1976).

### Likelihood of Success on the Merits

█ In the Opinion appointing a trustee dated April 3, 1980, the court specifically found that the appointment of a trustee was in the interests of creditors and that it was not impressed by the likelihood of success of the chapter 11 plan filed by the debtor. On or about April 9, 1980, the debtor filed a notice of appeal and a motion for stay pending appeal of the Order.[5]

In the earlier Opinion, the court found that books and records of the debtor were totally inadequate and the debtor, when it operated the business, did not maintain the minimum operating procedures essential to an adequate hotel operation.[6]

We held that "because the present plan does not appear to be the panacea that all had hoped for, there is a need for the proposal of a plan by a person other than the debtor and such a need is a justification for the appointment of a trustee under Section 1104(a)(2)."[7] In appointing the trustee we added:

... it is *essential* at this time to have an independent third party investigate the situation and report to the court whether or not the debtor may be successfully reorganized. Moreover, the trustee does not oust the debtor from possession. That already occurred in July of 1979 when the mortgagee took possession. The debtor may, in fact, benefit by having a court–appointed fiduciary supervise its operations. The trustee will seek to benefit all the creditors and will bring a refreshing air of objectivity and impartiality to a business which has been operated by and for the benefit of its primary creditor.

The trustee will have full power and authority to investigate the conduct and affairs of the debtor and determine the extent of the assets of the estate and the financial condition of the debtor. Questions regarding the inadequacy of debtor's books and records and the commingling of assets of the debtor with those of affiliated companies could be explored. [N.T. 77–78, 149–150]. The trustee could also investigate the business operation and the desirability of its continuance. 11 U.S.C. § 1106(a)(3).[8]

The United States Supreme Court stated that the Bankruptcy Court was and is a court of equity,[9] and that equitable remedies are a special blend of what is necessary, what is fair and what is workable. *Lemon v. Kurtzman,* 411 U.S. 192, 200, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151 (1973). Un-

*Organizations v. Adams,* 451 F.Supp. 114 (E.D. Pa.1978).

5. For a further discussion of the factual background *See In re Hotel Associates,* 3 B.R. 343 (E.D.Pa. April 3, 1980).

6. *Id.,* at 345.

7. *Id.*

8. *Id.,* at 346.

9. *See Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

der the circumstances in these proceedings, the Order of April 3, 1980 was necessary, fair and workable.

Neither the Bankruptcy Code nor the Legislative history prohibits the Bankruptcy Court from exercising its equitable powers to appoint a trustee when, as in this case, a trustee is necessary.

█ Section 1104(a) provides when a court shall, i. e., when a court must appoint a trustee. This section does not limit the court's power to appoint a trustee when it is necessary to protect the rights and to prevent a fraud upon the court.

In addition, our Order was valid because it complied with 11 U.S.C. § 1104(a)(2) which provides:

Appointment of trustee or examiner

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest, and after notice and a hearing, the court shall order the appointment of a trustee—

.   .   .   .   .

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor. (Emphasis added)

In view of the foregoing, it appears unlikely that the debtor will succeed on the merits of the appeal.

*Irreparable Harm to Debtor, Creditors and the Public Interest*

Assuming arguendo that there was a likelihood that debtor would succeed on the merits of its appeal, the balance of the equities clearly weighs in favor of denying a stay pending appeal.

Debtor contends that if the April Order is not stayed, third parties will be allowed to file a plan and that "in view of the existence of the appeal and the existence of a filed Plan, any Plan filed by a third party would certainly be under a cloud if, in fact,

the Order of this Honorable Court were reversed on Appeal." [10]

Such a contention lacks merit. As of this date, no other plans have been submitted. Furthermore, even assuming that our Order is reversed and that any proposed third party plan is thus voided, no party will suffer "irreparable" harm. The parties will merely be left to vote on the debtor's plan. Any other plan will, of course, be clouded, but we do not believe this to be the "irreparable harm" contemplated by the case law.

The debtor will not be irreparably injured if its affairs are investigated by a trustee and the court has previously determined that the interests of all parties will best be served by the appointment of a trustee. In fact, if a stay pending appeal is issued, all parties will suffer additional injury by virtue of the continued delay in the prosecution of the chapter 11 case.

Accordingly, the debtor's motion for a stay pending appeal will be denied.

---

**10.** Motion of debtor for stay pending appeal, ⸳ 4.