In re Reginald RICHARDSON, Debtor.

Reginald RICHARDSON, Plaintiff,

v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Kenneth R. Reeher, Jay Evans, Defendants.

Bankruptcy No. 79–371G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Nov. 24, 1981.

Eric L. Frank, Community Legal Services, Inc., Philadelphia, Pa., for bankrupt, Reginald Richardson.

Jane G. Penny, Killian & Gephart, Harrisburg, Pa., for defendants, Pennsylvania Higher Ed. Assistance Agency, Kenneth R. Reeher and Jay Evans.

MEMORANDUM AND ORDER

WILLIAM A. KING, Jr., Bankruptcy Judge.

ON OCTOBER 9, 1981, the Court issued an Order enjoining the defendant, The

Pennsylvania Higher Education Assistance Agency (PHEAA), from denying the plaintiff's student loan application in violation of § 525 of the Bankruptcy Code. On October 19, 1981, PHEAA filed a motion for a stay pending appeal. Hearing on the motion was held on November 12, 1981. The Court finds that a stay of the Order of October 9, 1981, should be denied.[1]

 A motion for a stay pending appeal must be brought under Bankruptcy Rule 805. Such a motion is similar in nature to a motion for a preliminary injunction. *In re Parr*, 1 B.R. 453, 5 B.C.D. 1143 (Bkrtcy.E.D. N.Y.1979). The factors to be examined in determining whether a motion for a stay should be granted are the same as would be considered on a motion for a preliminary injunction. *Parr, supra.* The relevant factors are:

(1) The likelihood that the party seeking the stay will be successful on the merits;

(2) whether the moving party will be subject to irreparable injury if the stay is not granted;

(3) whether granting the stay will cause irreparable injury to other interested parties; and

(4) whether granting, or declining to grant, the stay will have an adverse effect on the public interest.

*In re Hotel Associates, Inc.*, 7 B.R. 130, 6 B.C.D. 1323 (Bkrtcy.E.D.Pa.1980). A single factor is not necessarily dispositive, nor is it necessary that all four (4) be compelling for the imposition of a stay to be appropriate. *Hotel Associates, supra; Constructors Ass'n of Western Pennsylvania v. Kreps*, 573 F.2d 811 (3 Cir. 1978).

The defendant in this case argues that the first factor favors granting the stay. As acknowledged in the brief of PHEAA, however, the issues are novel and complex. The Court has not found a clear line of case law to provide guidance on the issue on appeal. The Court cannot, therefore, conclude that the defendant is likely to be successful on appeal. The movant must show he is likely to prevail on appeal. *Constructors Ass'n, supra.* It is insufficient merely to allege that the issue has never before been resolved.

PHEAA further contends that it will be irreparably injured if it is forced to comply with the Order of October 9, 1981. This assertion, however, does not comport with reality. PHEAA is ordered to guarantee Richardson's student loan. PHEAA will undergo no loss unless Richardson defaults and the PHEAA guarantee is collected upon by the servicing agent. If Richardson defaults on his loan, and there is no indication on record that he will, PHEAA would not be restrained in any way from taking its ordinary legal recourse against defaulting loan recipients. Even if the loan becomes uncollectable, PHEAA takes this risk on every loan. The Court fails to see any immediate injury at all to PHEAA by enforcing the Order of October 9th.

Another factor is the effect of the stay on the other parties. Denial of the student loan to Richardson, a law student at the University of Virginia, will result in his being unable to complete his professional education. This injury is much more immediate and harmful to the debtor than any injury PHEAA will suffer through enforcement of the Order.

The final factor considered by the Court is the public interest in administration of the student loan program. The Court, however, is unpersuaded by these allegations. Congress has provided a broad remedy to debtors under § 525 of the Bankruptcy Code which the Court will not inhibit solely on the basis of public policy. Therefore, the motion of PHEAA for a stay pending appeal will be denied.

---

1. This Memorandum constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752.