**In re EAST REDLEY CORPORATION, Debtor.**

**Bankruptcy No. 79–02152K.**

United States Bankruptcy Court, E. D. Pennsylvania.

June 8, 1982.

Herman P. Weinberg, Philadelphia, Pa., for debtors.

Louis W. Fryman, Philadelphia, Pa., Interim Trustee.

Robert H. Levin, Philadelphia, Pa., for creditor/Kardon Industries, Inc.—proponent of third party plan.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on an application for a stay pending appeal. Normally,

such a routine matter would not cause the Court to enter an Opinion in support of an Order. In this case, however, special circumstances have moved the Court to enter this Opinion in support of the Order which will be entered to deny the request for a stay.[1]

The factual history of this case goes back to November 20, 1979. This case was one of the first Chapter 11 cases filed in this District after the effective date of the Bankruptcy Code. (November 6, 1979). After nearly two (2) years of waiting for the debtor to file a plan of arrangement, a frustrated creditor filed a proposed plan as permitted by § 1121(c) of the Bankruptcy Code. Hearing on the disclosure statement accompanying the plan was held on November 17, 1981, and on January 15, 1982, this Court filed an Opinion directing that the disclosure statement be amended. *In re East Redley Corporation*, 16 B.R. 429 (Bkrtcy.E.D.Pa.1982). The disclosure statement was amended in compliance with the Order of this Court. On February 19, 1982, the Court entered an Order approving the amended disclosure statement and establishing the procedure for soliciting acceptances of the plan. The proponent's counsel filed the required report of plan voting and confirmation hearing was duly held on April 6, 1982.

Counsel for the debtor objected to confirmation on several grounds. All of these grounds were determined to be without merit and the plan was confirmed on April 27, 1982. The debtor appealed from this Order and requested the Court to stay the confirmation of the plan pending disposition of the appeal.

Rule 805 of the Rules of Bankruptcy Procedure provides, in pertinent part, that:

A motion for a stay of the judgment or order of a [bankruptcy court], for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the [bankruptcy court]. Notwithstanding Rule 762

but subject to the power of the District Court reserved hereinafter, the [bankruptcy court] must suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest. . .

■ A motion for a stay pending appeal is similar in nature to a motion for a preliminary injunction. *In re Parr*, 1 B.R. 453, 5 B.C.D. 1143 (Bkrtcy.E.D.N.Y.1979). Because of this similarity, it has consistently been held that the factors to be examined in determining whether a motion for a stay would be considered on a motion for a preliminary injunction. *Id.* The relevant factors are:

(1) The likelihood that the parties seeking the stay will be successful on the merits;

(2) whether the moving party will be subject to irreparable injury if the stay is not granted;

(3) whether granting the stay will cause irreparable harm to other interested parties; and

(4) whether granting, or declining to grant, the stay will have an ill-effect on the public interest.

*In re Hotel Associates, Inc.*, 7 B.R. 130, 6 B.C.D. 1323 (Bkrtcy.E.D.Pa.1980).

### I. *Success on Appeal*

In this case, the crucial inquiry is whether the debtor can prevail on the appeal. The Court, upon examination of the statement of issues raised in the appeal, finds that there is little likelihood of such an occurrence.

The first issue is whether the amended disclosure statement contained "adequate information" as required by § 1125 of the Code. In its Opinion of January 15, 1982, this Court did not approve the first disclosure statement and set forth, in detail, the defects contained in this document. The

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

amended disclosure statement cured these defects.

The debtor also raises the issue of whether there should have been an opportunity to object to the amended disclosure statement. Such a procedure, however, would have been meaningless. The disclosure statement was amended in compliance with specific directions from the Court. Counsel for the debtor, ably pointed up the shortcomings of the original document. These faults were cured in the amended statement and the Court approved the application for plan voting procedures.

The third issue which the debtor raises in the appeal is whether the Court erred in confirming the plan because two (2) of three (3) creditors listed as secured claims should not have been in this class. The debtor argues that, if this is the case, the plan was not approved by the requisite amount of claims. The debtor, however, is misreading the law.

■ The plan provided that creditors be placed in two (2) classes. Class I is comprised of all creditors listed as secured on the schedules filed by the debtor. Class II is comprised of all other creditors. The debtor claims that several of the creditors in Class I are not actually secured claims. The Court, however, is lead to wonder why this objection is raised at this late date unless it is for the purpose of delay. Furthermore, the debtor has failed to amend these schedules in the over two (2) years during which this case has been in Chapter 11. Finally, and most importantly, creditors are entitled to rely on the schedules as filed by the debtor. If these schedules are in error, the debtor is required to amend them. In this case, the plan was filed in reliance upon the schedules. If the debtor were permitted to foil the legitimate expectations of creditors by such tactics, the system of bankruptcy law would be a farce. The voting on the plan must, therefore, stand as reported. Three (3) out of four (4) creditors, holding a total of 99% of the amount of claims in the class, have accepted the plan. At the confirmation hearing, the Court found that § 1126(c) was satisfied.

■ The plan was confirmed over objection. The Court found that §§ 1129(a) and (b) of the Code were satisfied even though the creditors in Class II rejected the plan. An appropriate Order was entered.

The Bankruptcy Code requires that:

...the Court, on request of a party in interest, *shall* confirm the plan ... if the plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. (emphasis added).

11 U.S.C. § 1129(b)(1). The determination of whether a plan is fair and equitable is made under § 1129(b)(2). In this case, subparagraph (B) of § 1129(b)(2) is applicable. This provision states that, if a class of unsecured claims has rejected the plan, the plan shall be confirmed if there will be no distribution to junior classes of claims. This is exactly the situation in the instant case. The Court, therefore, confirmed this plan under this so-called "cram-down" provision.[2]

■ Also, the debtor alleges that the plan is brought in violation of the automatic stay provisions of the Code. The automatic stay, however, does not prohibit the sale of property in a Chapter 11 plan. *See* 11 U.S.C. § 1123(a)(5)(D).

■ Finally, the debtor alleges that a liquidation plan is an improper use of Chapter 11. Such is not the case; this Court has ruled that a liquidating plan is permissible under Chapter 11. *In re L. N. Scott Co., Inc.,* 13 B.R. 387 (Bkrtcy.E.D.Pa.1981). Furthermore, the Bankruptcy Code makes specific allowance for a plan of liquidation. *See* 11 U.S.C. §§ 1123(b)(4) and 1129(a)(11).

In conclusion, this Court finds that there is little likelihood of success on appeal.

---

**2.** For general information, see Klee, All You Ever Wanted to Know About Cram-down, 53 Am.Bankr.L.J. 13 (1979).

## II. *Effect on the Parties*

The Court must also consider the effect of granting or denying the stay pending appeal. In this case, the creditors have been waiting since November of 1979 for the debtor to take some effort towards repaying their claims. This case has dragged on for nearly two and one half years without any end in sight. During this entire period of time, the debtor has apparently been unable to formulate a plan. Certainly, none has been filed with the Court. To allow this matter to drag on and force the creditors to wait several years while the case runs its appellate course would be a travesty. The proponent of the plan vigorously opposes any stay pending appeal and the Court is in agreement.

## III. *Conclusion*

After considering the relevant factors, the Court will enter an Order denying the request for a stay pending appeal. There is little merit in the issues raised by the debtor in the appeal. Nor is there any other reason to grant a stay. The Court can only view this attempt to obtain a stay pending appeal as an attempt to thwart the execution of a properly·confirmed plan and needlessly prolong an already protracted case.