### In re CANDOR DIAMOND CORP., Debtor.

### JOHN P. MAGUIRE & CO., INC., Plaintiff,

### v.

### Jeffrey SAPIR, Interim Trustee of Candor Diamond Corp., Debtors, Madeleine Margolies and Scarsdale National Bank and Trust Company, Defendants.

No. 82 Civ. 6072 (PNL).
Bankruptcy No. 81 B 11594 (EJR).
Adv. No. 81–5713–A.

United States Bankruptcy Court,
S.D. New York.

Jan. 18, 1983.

Goldman & Greenbaum, P.C., New York City, for defendant-appellant Madeleine Margolies.

Stroock & Stroock & Lavan, New York City, for interim trustee Jeffrey Sapir.

Hahn & Hessen, New York City, for plaintiff-appellee John P. Maguire & Co., Inc.

Neale & Wilson & Gardella, Scarsdale, N.Y., for defendant Scarsdale Nat. Bank and Trust Co.

## DECISION ON REMAND

EDWARD J. RYAN, Bankruptcy Judge.

By order dated September 14, 1982, District Judge Pierre Leval remanded to this court for determination a motion by Madeleine Margolies, defendant-appellant in the above-captioned case. Madeleine Margolies ("Margolies") had moved in the District Court, by order to show cause dated September 13, 1982, for an order (i) striking from the Record on Appeal herein items 2 through 7 of plaintiff, John P. Maguire & Co., Inc.'s ("Maguire") Designation of Additional Papers to be Included in the Record on Appeal pursuant to Bankruptcy Rule 806; (ii) granting a stay pending appeal restraining all parties from enforcing or complying with the terms and provisions of a judgment entered June 23, 1982 from which the instant appeal was taken, pursuant to Bankruptcy Rule 805; and (iii) granting other related relief. Plaintiff Maguire appeared in opposition to the order to show cause and on remand the motions came on for hearing before this court on November 5, 1982.

As background to the determination of the within motions, it should be noted that Maguire, the debtor's former factor, was and still is a corporation existing under the laws of the State of New York with its principal place of business in New York, New York. Margolies is an individual residing at 6 Hadden Road, Scarsdale, New York, whose husband was the principal of the insolvent Candor Diamond Corp. ("Candor").

An involuntary petition was filed by Maguire against Candor pursuant to 11 U.S.C. § 303 in the United States Bankruptcy Court for the Southern District of New York on August 10, 1981.

A summons and complaint commencing an adversary proceeding within that debtor proceeding were issued on October 29, 1981, directing Margolies to serve an answer or a motion addressed to the complaint on or before November 16, 1981. The summons and complaint were duly served upon Margolies and were in the possession of her attorney on or about October 30, 1981. The complaint alleged that the proceeds of a check drawn on Bank Cantrade A.G., Zurich, Switzerland (the "check") constitute property of the Candor estate which property was wrongfully in the possession of Margolies.

By order of this court dated October 30, 1981, Margolies was ordered to show cause on November 4, 1981 why an order should not be granted directing Scarsdale National Bank and Trust Company ("Scarsdale") to forthwith turn over to the Interim Trustee the proceeds of the check in the sum of $180,000.

Margolies failed to serve an answer or motion addressed to the complaint on or before November 16, 1981. In fact, Margolies did not serve an answer until December 2, 1981. By notice of motion dated December 4, 1981, Margolies moved for an order vacating her default. Maguire served a notice of cross-motion for a default judgment dated December 22, 1981.

Supporting Margolies' motion were the affidavits of Mr. Schwartz, her former attorney, Leonard Isaacson, Esq., her new attorney and Harry Fry. According to Mr. Schwartz's affidavit, Margolies did not serve a timely answer because he had placed the summons and complaint in his file and had overlooked the notation on the summons that an answer was due on or before November 16, 1981.

The affidavit of Harry Fry was submitted as evidence that Margolies had a good and meritorious defense to this adversary proceeding. Mr. Fry stated in his affidavit that a foreign client of H.W. Fry Realty Co., Inc. had made an $180,000 loan to Margolies.

However, according to Mr. Fry's sworn testimony at a Bankruptcy Rule 205 examination held before Bankruptcy Judge Galgay on May 10, 1982, a foreign client of H.W. Fry Realty Co., Inc. did not in fact lend Margolies $180,000 because Fry was unable to find a foreign investor.

This court rendered its memorandum decision on the motion and cross-motion concerning the default on June 11, 1982. In that decision this court found that Margolies had failed to submit an affidavit of a person having personal knowledge of the facts stating that the proceeds of the Bank Cantrade A.G. were not the property of the Candor estate. Consequently, judgment was entered on June 25, 1982, directing Scarsdale to turn over the proceeds of the $180,000 check to the trustee of the Candor estate and declaring that neither Scarsdale nor Margolies has any claim, right, title or interest in the proceeds of that check.

On or about July 2, 1982, Margolies filed and served a notice of appeal to the United States District Court from the judgment entered in this adversary proceeding. On or about July 16, 1982, Margolies served her Designation and Statement of Issues pursuant to Bankruptcy Rule 806. On or about July 26, 1982, Maguire filed its Designation of Additional Papers to be Included in the Record on Appeal ("Cross-Designation").

Margolies then moved, by order to show cause dated September 13, 1982, for an order inter alia, striking items 2 through 7 of the Cross-Designation from the record on appeal and granting a stay pending appeal restraining all parties from enforcing or complying with the terms of the judgment entered on June 23, 1982. Margolies' motions were remanded to this court for determination.

After due consideration, this court finds that the Order to Show Cause for Turnover of Funds to Interim Trustee (Item "2" of the Cross-Designation) should not and is not to be stricken from the record on appeal since it was considered by this court in rendering its June 11, 1982 decision. The seventh paragraph of the findings of fact and conclusions of law accompanying the court's memorandum decision expressly refers to the order to show cause.

In addition, the testimony of Madeleine Margolies taken November 4, 1981 (Item "3" of the Cross-Designation) was an integral part of this adversary proceeding and should not and is not to be stricken from the record on appeal.

■ Bankruptcy Rule 806 should be construed liberally; the record on appeal should contain the documentation necessary to afford the reviewing court a complete understanding of the case. *In re W.T. Grant Co.*, 432 F.Supp. 105 (S.D.N.Y.1977); *In re Michaelis Corvette Supplies, Inc.*, 14 B.R. 365 (Bkrtcy.N.D.Ohio 1981).

Similarly, the transcript of testimony of H.W. Fry Realty Co., by Harry Fry, and the accompanying exhibits (Items "4" and "5" of the Cross-Designation) are necessary to enable the District Court to have a full understanding of the case being reviewed and, therefore, are not to be stricken from the record on appeal.

■ Documents not considered by the bankruptcy court in reaching its decision may be included in the record on appeal provided that the appellate court is informed that such materials were not considered by the trial court in reaching its decision in the matter appealed. *In re Food Fair, Inc.*, 15 B.R. 569 (Bkrtcy.S.D.N.Y. 1981).

■ However, the transcript of Judith Levitt and Dennis Sullivan's testimony (Items "6" and "7" of the Cross-Designation) were not considered by this court in reaching its June 11, 1982 decision. Those items are not necessary for the District Court to have a full understanding of the particular proceeding being reviewed by it. Consequently, those items "6" and "7" are ordered stricken from the record on appeal.

■ Turning next to the motion for a stay pending appeal, Margolies' default was not caused by excusable neglect and she is unable to satisfy all of the four conditions applicable in determining whether a stay pending appeal should be granted. The four conditions of a stay include: (i) a strong showing that appellant is likely to prevail on the merits of her appeal; (ii) a demonstration that appellant will suffer irreparable injury if the stay is denied; (iii) a showing that other people will not be substantially harmed if the stay is issued; and (iv) a showing that the issuance of the stay is not contrary to public policy. *In re Lewis Jones, Inc.,* 1 C.B.C. 245 (Bankr.E.D.Pa. 1973); *In re East Redley Corp.,* 20 B.R. 612 (Bkrtcy.E.D.Pa.1982).

The court will not issue a stay pending appeal if one of the four prerequisites for the issuance of a stay is not satisfied. *In re Sung Hi Lim,* 7 B.R. 319, 321 (Bkrtcy.D.Hawaii 1980).

■ Margolies has failed to demonstrate sufficient excuse for her default or that the default was the result of excusable neglect. *Link v. Wabash R.R.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *United States v. Cirami,* 535 F.2d 736 (2d Cir.1976); *In re World Wide Gifts, Inc.,* 10 B.R. 761 (Bkrtcy. S.D.N.Y.1981); *In re Robl,* 16 B.R. 155 (Dist.Ct.E.D.N.Y.1981); Bankruptcy Rule 906(b).

Similarly, Margolies has failed to demonstrate a likelihood that she will prevail on the merits of her appeal. She is unable to establish a meritorious defense to this action since she has failed to submit any credible documentation establishing that the $180,000 does not constitute property of the Candor estate.

Consequently, since Margolies cannot meet the four criteria necessary before granting a stay pending appeal, the motion seeking to restrain all parties from enforcing or complying with the terms and provisions of the judgment entered June 23, 1982, is denied.

In addition, that portion of the motion of defendant Madeleine Margolies for an order allowing the use of photocopies in the Record on Appeal for items 4 through 11 of Mrs. Margolies' Designation and Statement of Issues and enlarging the time within which Mrs. Margolies must perfect her appeal until fifteen days after entry of this order be, and the same hereby is, granted.

It is so ordered.