## In re INTERMET REALTY PARTNERSHIP, Debtor.

## FIRST PENNSYLVANIA BANK N.A., Plaintiff,

v.

## INTERMET REALTY PARTNERSHIP (Consolidated with Intermet Realty Partnership v. First Pennsylvania Bank N.A.—Adversary No. 82–1734K), Defendant.

Bankruptcy No. 82–03059K.
Adv. No. 82–2764K.

United States Bankruptcy Court, E.D. Pennsylvania.

March 7, 1983.

See also, Bkrtcy., 26 B.R. 383.

Michael L. Temin, Philadelphia, Pa., for plaintiff First Pennsylvania Bank, N.A.

Michael S. Lubline, Philadelphia, Pa., for debtor.

John Wetzel, Philadelphia, Pa., for Creditors' Committee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on the motion of the debtor for a stay pending appeal of our Order of February 25, 1983, granting relief from the automatic stay. A hearing was held on March 3, 1983. The plaintiff, First Pennsylvania Bank, N.A., did not vigorously oppose the entry of an Order granting a stay, however, the Bank requested the Court to condition the stay upon the posting of a bond. The Bank asserted that a bond, either in cash or with sufficient surety, was not necessary to protect its interest. After considering the evidence produced at the hearing as well as the arguments of counsel, the Court will enter an Order granting a stay pending appeal conditioned upon the filing of a bond with corporate surety.[1]

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of

The facts of the case are discussed at length in our Opinion of January 4, 1983, and our Order of February 25, 1983. The issue *sub judice* is whether a stay of the latter Order is appropriate; and, if so, whether such a stay should be conditioned upon the filing of a bond to protect the Bank if damages are suffered during the appeal period.

Rule 805 of the Rules of Bankruptcy Procedure provides, in pertinent part, that:

A motion for a stay of the judgment or order of a [bankruptcy court], for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the [bankruptcy court]. Notwithstanding Rule 762 but subject to the power of the District Court reserved hereinafter, the [bankruptcy court] must suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest
. . .

■ A motion for a stay pending appeal is similar in nature to a motion for a preliminary injunction. *In re Parr,* 1 B.R. 453, 5 B.C.D. 1143 (Bkrtcy.E.D.N.Y.1979). Because of this similarity, it has consistently been held that the factors to be examined in determining whether a motion for a stay will be granted are the same as those which would be considered on a motion for a preliminary injunction. *Id.* The relevant factors are:

(1) The likelihood that the parties seeking the stay will be successful on the merits;

(2) whether the moving party will be subject to irreparable injury if the stay is not granted;

(3) whether granting the stay will cause irreparable harm to other interested parties; and

(4) whether granting, or declining to grant, the stay will have an ill-affect on the public interest.

the Rules of Bankruptcy Procedure.

*In re Hotel Associates, Inc.,* 7 B.R. 130, 6 B.C.D. 1323 (Bkrtcy.E.D.Pa.1980).

Rule 708 of the Bankruptcy Rules of Procedure states that Rule 8 of the Federal Rules of Civil Procedure, except for clause (1) of subdivision (a), shall apply to adversary proceedings in bankruptcy. Rule 8 of FRCP provides, in pertinent part, that:

> (a) A pleading which sets forth a claim for relief .... shall contain.... (2) a short and plain statement of the claim showing that the pleader is entitled to relief....
>
> (e)(1) each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

In light of the applicability of Rule 8(f) of the FRCP, it appears that a motion containing any general contention by the moving party that falls within one of the four factors mentioned above, would be sufficient. None of the factors are necessarily dispositive and, therefore, it is not necessary that all four of them be mentioned. *In re Hotel Associates, supra.* A proper examination by the Court would, however, include an examination of all factors involved in the case.

In the instant case, unfortunately, time constraints prevent a detailed scrutiny of the above elements. A brief review, however, will be of assistance in explaining our decision.

We do not find the first factor to be especially persuasive. Although the debtor has raised substantial, novel issues, the Court is not persuaded that it will prevail on appeal. Indeed, we reconsidered our Opinion of January 4, 1983, and arrived at the same conclusion in our Order of February 25, 1983.

Consideration of the second factor, on the other hand, persuades us that a stay is appropriate. If the Order of February 25, 1983, is not stayed, the appeal will be effectively rendered moot. There will be no hope of reorganization of this debtor if the property is sold by the Bank, even if the debtor would prevail upon appeal. Therefore, the Court finds that irreparable harm to the debtor would result if he should be successful on appeal without entry of a stay.

It is the third factor, however, which compels the Court to condition the stay upon the filing of a supersedeas bond. The Bank is not in the business of owning real estate. It wishes to convert this tangible asset into a liquid asset, namely money.

The Bank would use these funds to pursue its real business, the lending of money at interest. Entry of a stay would prevent the Bank from realizing this potential. The Court will, therefore, require a bond to protect the Bank from such losses. The imposition of this bond requirement must not be construed as a determination of damages which the Bank will suffer. Rather, it will be incumbent upon the Bank to commence action against the bond at an appropriate time. It would be exceedingly inequitable, however, to expect the Bank to stand by idly during a potentially lengthy appellate process without any security for its potential losses.

The fourth factor to be considered is the effect on the interests of both the public and the creditors of Intermet. The Creditors' Committee appeared and argued that a stay of our Order is necessary to protect their interests. While we agree that a stay will serve to protect their interests, we do not find this factor to be unduly persuasive. Their assertion that without this property the debtor will be unable to fund a plan of reorganization and satisfy the claims of creditors lends weight to the arguments so ably advanced by the debtor. Nonetheless, the Court cannot and will not ignore the rights of the Bank.

Having determined that a stay, conditioned upon the filing of a bond, should be granted, the Court must determine what amount will be appropriate to protect the Bank. An estimated value for the property must be established. A review of the testimony adduced at the trial in the matter suggests that a figure of ten million dollars is not an unreasonable value for the subject property. All parties must be cautioned, however, that the Court reluctantly assigns this value to the property and considers this

appraisal to be made solely for the purpose of establishing an appropriate bond. It must be understood that the Court does not consider this figure a final valuation of the property.

The Bank argues that, if these funds were available for lending purposes, a return of ten (10%) percent per annum would not be unreasonable. We find this to be a fair and conservative estimate. We further find that a bond in the amount of one year's interest will serve as adequate protection for any losses suffered by the Bank.

Finally, the Court understands that a short period of time will be necessary to permit the debtor to obtain this bond. We will, therefore, temporarily stay our Order of February 25, 1983, to permit the filing of the requisite bond.