**In re Gerry E. SMITH and Mary R. Smith, Bankrupts.**

**Bankruptcy Nos. B78–208, B78–209.**

United States Bankruptcy Court, D. Vermont.

July 15, 1983.

Leonard J. Gluck, Rutland, Vt., for bankrupts.

Robert C. Jackson, South Royalton, for creditor, Bethel Credit Union.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Bankrupt, Gerry E. Smith, for stay of an Order entered by this Court pending appeal.

On May 27, 1983 the Court rendered a Memorandum Opinion and entered an Order denying a Motion of the Debtor to Amend Schedule A–3 by adding the Appellee, Bethel Credit Union, as a creditor.

The Bankrupt had originally filed his Petition for Relief on September 27, 1978, and in the Schedules attached to the Petition he failed to list the Bethel Credit Union as a creditor.

Without knowledge of the bankruptcy proceeding, Bethel Credit Union brought suit against the Bankrupt on a promissory note dated January 27, 1971 and obtained Summary Judgment thereon in Windsor Superior Court, State of Vermont, in the sum of $5,752.44.

The Bankrupt filed a timely appeal from the Order of this Court entered May 27, 1983 and his Motion to Stay this Order is predicated upon 805 of the Rules of Bankruptcy Procedure, the significant part of which reads as follows:

"A motion for a stay of the judgment or order of a referee, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the referee. Notwithstanding Rule 762 but subject to the power of the district court reserved hereinafter, the referee may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest."

The stay pending appeal is in the nature of an injunction pending appeal under Rule 62(c) of the Federal Rules of Civil Procedure and there are four prerequisites for the issuance of an injunction under this rule: (1) the moving party must make a strong showing that it is likely to prevail on the merits of its appeal; (2) the moving party must establish that it will suffer irreparable injury if the injunction is denied; (3) other parties must not be substantially harmed if the injunction is issued; and (4) the issuance of the injunction must not be contrary to the public interest. *Long v. Robinson,* 432 F.2d 977 (4th Cir.1970); *Belcher v. Birmingham,* 395 F.2d 685 (5th Cir.1968); *Eastern Air Lines, Inc., v. Civil Aeronautics Board,* 261 F.2d 830 (2d Cir. 1958); *Virginia Petroleum Jobbers Association v. Federal Power Commission,* 104 U.S. App.D.C. 106, 259 F.2d 921 (1958).

The bankruptcy courts have consistently held that these factors must be established

before a stay pending appeal is issued. *In Re Lewis Jones* (Bkrtcy.E.D.Pa.1973) 1 C.B.C. 245, 253; *In Re Parr* (Bkrtcy.E.D.N.Y.1979) 1 B.R. 453; *In Re Hotel Associates, Inc.* (Bkrtcy.E.D.Pa.1980) 7 B.R. 130; *In Re East Redley Corporation* (Bkrtcy.E.D.Pa. 1982) 20 B.R. 612, 613; *In Re Candor Diamond Corp.* (Bkrtcy.S.D.N.Y.1983) 26 B.R. 844, 847. And in at least one case the Bankruptcy Court held that in applying the foregoing four-part test, a stay will be issued only if each of the conditions is satisfied. *In Re Sung Hi Lim* (Bkrtcy.D.Hawaii 1980) 7 B.R. 319, 321.

In spite of the four-prong test which bankruptcy courts have been applying, the Third Circuit pointed out that no one aspect will determine the outcome. Rather, proper judgment entails a "delicate balancing of all elements." *Constructors Association of Western Pennsylvania v. Kreps*, 573 F.2d 811, 815 (3rd Cir.1978). See also *Evans v. Buchanan*, 424 F.Supp. 875, 879 (D.Del. 1976).

This Court is not convinced that bankruptcy courts should uniformly require compliance with the four criteria enumerated above before a stay on appeal is granted. It is obvious that in most cases parties other than the appellant and appellee are not involved and that there is no public interest issue. In addition, the requirement that there be a strong showing that the movant is likely to prevail on the merits on appeal creates a serious anomaly. It places the court which made the original ruling in the awkward position of possibly making a self-serving determination that there is no merit to the appeal. The final standard required is that the movant establish that it will suffer irreparable injury if the stay is denied.

■ This is actually one of the matters which is necessarily considered by the Court, in its discretion, in deciding whether the stay should be issued. The granting of a stay in a bankruptcy proceeding is discretionary. *In Re Neisner Bros., Inc.*, 10 B.R. 299; *In Re Babco, Inc.* (U.S.D.C., W.D.Pa. 1982) 25 B.R. 325, 327; *In Re Lewis Jones, Inc.* (E.D.Pa.1973) 369 F.Supp. 111, 117.

■ In the exercise of such discretion the Court should adhere to the purpose of a stay pursuant to Rule 805 which is to preserve the status quo and to protect the rights of all parties in interest. *In Re Neisner Brothers, Inc.*, supra, at page 300. See also *In Re American Training Services, Inc.*, 434 F.Supp. 988, 990 n. 3 (D.N.J.1977).

■ In sum, this Court feels that the issuance of a stay under Rule 805 should be made on a case to case basis without applying the four standards generally considered by the courts in ruling on a stay for the more affirmative remedy of an injunction pursuant to 62(c) of the Federal Rules of Civil Procedure; that the determination should be made in the sound discretion of the Court while preserving the status quo and the rights of the parties. In the instant case the Court is convinced that this result can be accomplished by granting the stay upon the posting by the Appellant of a bond in such an amount as will substantially protect the Appellee in preserving its judgment.

## ORDER

Now, therefore, upon the foregoing, it is

ORDERED that the Order of this Court entered May 27, 1983 is hereby stayed pending the appeal by the bankrupt, Gerry E. Smith, in the United States District Court for the District of Vermont subject to the proviso that the Bankrupt post a supersedeas bond for the benefit of the Appellee in the sum of $5,000.00 not later than July 27, 1983.